UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

LEROY JONES, *on behalf of himself and others similarly situated in the proposed FLSA Collective Action*,

    Plaintiff,

v.

MEGA HOME & LINEN, INC., and
SHAUN ZAKARIA,

    Defendants.

22 Civ. 6010 (LDH) (CLP)

**ANSWER to the COMPLAINT with AFFIRMATIVE DEFENSES**

---

Defendant, Shaun Zakaria, ("defendant"), *pro se*, respectfully files this Answer with Affirmative Defenses to the Complaint of Plaintiff Leroy Jones ("plaintiff"), and states as follows:

### NATURE OF ACTION

1. The allegations contained in paragraph 1 of the Complaint, sets forth plaintiff's characterization of the complaint, and as such, no response is required. To the extent paragraph 1 of plaintiff's Complaint sets forth any allegations against defendant, defendant respectfully denies such allegations, in their entirety.

2. Deny the allegations in paragraph 2 of the Complaint, to the extent paragraph 2 of plaintiff's Complaint sets forth any allegations against defendant.

### JURISDICTION AND VENUE

3. Defendant admits subject matter jurisdiction as alleged paragraphs 3 and 4 of the Complaint, and otherwise leave conclusions of law to the court.

4. Defendants admit venue as alleged in paragraph 5 of plaintiff's Complaint.

1

## **PARTIES**

*Plaintiff Leroy Jones*

5. Deny the allegations in paragraph 6, 7, 8, and 9 of the Complaint, except admit that at certain times, plaintiff was employed by the corporate Defendant.

*Defendant Mega Home & Linen, Inc.*

6. Deny knowledge or information sufficient to respond to the allegations in paragraph 10 of the Complaint.

7. Deny the allegations in paragraph 11, 12, 13, 14, and 15, of the Complaint.

*Defendant Shaun Zakaria*

8. Deny as stated the allegations in paragraph 16, 17, and 18, of the Complaint, and further answering, respectfully refers all questions of law to the court and all questions of fact to the trier of fact.

9. Admit the allegations in paragraph 19, of the Complaint.

10. Deny the allegations in paragraph 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, and 31, of the Complaint.

11. Deny the allegations in paragraph 32 of the Complaint, except admit that at certain times, plaintiff was employed by the corporate Defendant.

12. Deny the allegations in paragraph 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, and 49, of the Complaint.

13. The allegations contained in paragraph 50 of the Complaint, sets forth plaintiff's characterization of the complaint, and as such, no response is required. To the extent paragraph 50 of plaintiff's Complaint sets forth any allegations against defendant, defendant respectfully denies such allegations, in their entirety.

14. Deny the allegations in paragraph 51, 52, and 53, of the Complaint.

2

## FIRST CLAIM
### FLSA -- Unpaid Minimum Wages, 20 U.S.C. § 201 *et seq.*

15. Defendant repeats, reavers, and realleges, each and every admission and denial in response to those paragraphs of plaintiff's Complaint referred to in paragraph 54 thereof, as though fully set forth herein.

16. Deny the allegations in paragraph 55, 56, and 57, of the Complaint.

## SECOND CLAIM
### FLSA -- Unpaid Overtime Wages, 20 U.S.C. § 201 *et seq.*

17. Defendant repeats, reavers, and realleges, each and every admission and denial in response to those paragraphs of plaintiff's Complaint referred to in paragraph 58 thereof, as though fully set forth herein.

18. Deny the allegations in paragraphs 59, 60, 61, 62, and 63, of the Complaint.

## THIRD CLAIM
### NYLL – Unpaid Minimum Wages, N.Y. Stat. § 650, *et. seq.*

19. Defendant repeats, reavers, and realleges, each and every admission and denial in response to those paragraphs of plaintiff's Complaint referred to in paragraph 64 thereof, as though fully set forth herein.

20. Deny the allegations in paragraphs 65, 66, and 67, of the Complaint.

## FOURTH CLAIM
### NYLL – Unpaid Overtime Wages

21. Defendant repeats, reavers, and realleges, each and every admission and denial in response to those paragraphs of plaintiff's Complaint referred to in paragraph 68 thereof, as though fully set forth herein.

22. Deny the allegations in paragraphs 69, 70, 71, 72, and 73, of the Complaint.

3

## FIFTH CLAIM
### NYLL – Spread of Hours Pay

23. Defendant repeats, reavers, and realleges, each and every admission and denial in response to those paragraphs of plaintiff's Complaint referred to in paragraph 74 thereof, as though fully set forth herein.

24. Deny the allegations in paragraphs 75, 76, and 77, of the Complaint.

## SIXTH CLAIM
### NYLL WTPA– Failure to Provide Wage Notices

25. Defendant repeats, reavers, and realleges, each and every admission and denial in response to those paragraphs of plaintiff's Complaint referred to in paragraph 78 thereof, as though fully set forth herein.

26. Deny the allegations in paragraphs 79, 80, and 81, of the Complaint.

## SEVENTH CLAIM
### Violation of the Wage Statement Provisions of the NYLL

27. Defendant repeats, reavers, and realleges, each and every admission and denial in response to those paragraphs of plaintiff's Complaint referred to in paragraph 82 thereof, as though fully set forth herein.

28. Deny the allegations in paragraphs 83, and 84, of the Complaint.

## EIGHTH CLAIM
### Failure to Pay Timely Wages

29. Defendant repeats, reavers, and realleges, each and every admission and denial in response to those paragraphs of plaintiff's Complaint referred to in paragraph 85 thereof, as though fully set forth herein.

30. Deny the allegations in paragraphs 86, 87, and 88, of the Complaint.

## "PRAYER FOR RELIEF"

31.     Defendant denies that plaintiff is entitled to any type of remedy, relief, or damages as listed in Plaintiff's' "Prayer for Relief" and its subsections "(a)" through "(q)".

## FIRST AFFIRMATIVE DEFENSE

If plaintiff sustained any injury, damage or loss by reason of any act, error or omission on the part of defendants, said injury, damage, or loss must be reduced on the basis of comparative fault or negligence of plaintiff, or others, which contributed to and proximately caused any such injury, damage, or loss.

## SECOND AFFIRMATIVE DEFENSE

The claims of plaintiff and the putative collective action members are barred, in whole or in part, by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

The claims of plaintiff and the putative collective action members are barred, in whole or in part, by the doctrine of consent, laches, waiver, estoppel, and unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

Upon information and belief, Defendant, Shaun Zakaria, was not an "employer" within the meaning of Section 203 of the FLSA at all times relevant.

## FIFTH AFFIRMATIVE DEFENSE

Upon information and belief, the individual defendant never employed plaintiff and the putative collective action members in any capacity and thus could not have any liability to plaintiff and the collective action members for the violations alleged in the Complaint.

## SIXTH AFFIRMATIVE DEFENSE

If defendants singly or jointly are found to be subject to the FLSA, they are shielded from liability under the FLSA's good faith exceptions.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff and the collective action members have failed to exercise reasonable diligence to mitigate his damages, if any damages were in fact suffered.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff and the putative collective action members have received all the wages that they are entitled to, pursuant to the applicable federal and state laws.

## NINTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff should not be awarded liquidated damages for violation of relevant federal and state laws because defendant has acted in good faith at all times.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff and the putative collective action members are not entitled to equitable relief insofar as they have adequate remedies at law.

## TWELFTH AFFIRMATIVE DEFENSE

Defendant does not presently know all facts concerning the conduct of plaintiff sufficient to state all affirmative defenses at this time. Defendant will seek leave of this Court to amend this Answer should it later discover demonstrating the existence of additional affirmative defenses.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Complaint, and each claim purported to be alleged therein, fails to allege facts sufficient to state a claim upon which relief can be granted. This defense may also apply to the claims of some or all of the alleged collective action members.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendant has at all times acted in good faith and had reasonable grounds for believing that its pay practices complied with federal and state law.

### FIFTEENTH AFFIRMATIVE DEFENSE

To the extent that defendants' actions taken in connection with plaintiffs' compensation were done in good faith in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor or New York Department of Labor, plaintiffs' claims are barred in whole or in part by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. §§ 258 and 259.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs are precluded from recovering any amounts of compensatory or statutory damages from defendants where defendants have paid plaintiffs all sums legally due under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, the New York Minimum Wage Act, New York Labor Law §§ 650 *et seq.*, Article 6 of the New York Labor Law, New York Labor Law §§ 190 *et seg,*, and all of their implementing regulations.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant, at all times, acted in good faith to comply with the Fair Labor Standards Act and New York Labor Law and with reasonable grounds to believe that their actions did not violate the Fair Labor Standards Act or New York Labor Law, and defendant asserts a lack of willfulness or intent to violate the Fair Labor Standards Act or New York Labor Law as a defense to any claim by Plaintiff for liquidated damages.

### EIGHTEENTH AFFIRMATIVE DEFENSE

To the extent that any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the acts or omissions were not a violation of the Fair Labor Standards Act or New York Labor Law, plaintiffs' claims are barred in whole or in part by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260 and/or the provisions of New York Labor

Law § 198.

### NINETEENTH AFFIRMATIVE DEFENSE

To the extent defendants failed to provide plaintiffs with notices required by New York Labor Law § 195(1), plaintiffs are not entitled to any damages as at the time of hire, New York Labor Law § 195 (1) was not in effect and is not retroactive. *See Kim v. Kum Gang, Inc.*, 2015 WL 2222438, at *31-32 (S.D.N.Y. Mar. 19, 2015). Moreover the weight of authority in this District is there is no private right of action and plaintiffs' cause of action for such penalty should be dismissed.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred for their failure to file a consent to sue.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff has been paid all monies owed to him.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, to the extent that any uncompensated time is *de minimis*.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff is not entitled to civil penalties, prejudgment/post-judgment interest, statutory damages, liquidated damages, punitive damages, or an extended statute of limitations, because any alleged act or omission giving rise to Plaintiff's claims was made in good faith and was not willful or reckless, and because defendant had reasonable grounds for believing that any such alleged act or omission was not a violation of the FLSA or New York Labor Law.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff was properly paid for each and every hour worked, in compliance with the FLSA and New York Labor Law.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Although defendant denies owing any unpaid wages or other amounts to plaintiff, if defendants are found to owe any money to plaintiff, whatever monies are said to be owed should

be offset by exclusions, exceptions, credits, recoupments, or offsets permissible under the FLSA or NYLL.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff has not sustained economic or any other damages as a result of any alleged act of the defendants.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

The individual defendant was not plaintiff's "employer" for purposes of the FLSA or NYLL.

### ADDITIONAL AFFIRMATIVE DEFENSES

Defendant gives notice that he intends to rely on any additional affirmative defenses that become available or apparent during discovery and thus reserve the right to amend this answer to assert such additional defenses.

WHEREFORE, answering defendant respectfully requests that the court:

(a.) Dismiss the Complaint in its entirety with prejudice;

(b.) Deny each and every demand and prayer for relief therein; *and*

(c.) Grant such other, further, and different relief as the court determines to be just and proper under the circumstances of this case.

Dated: New York, New York
July 6, 2023

Respectfully submitted,

Shaun Zakaria, defendant *pro se*
105 Jamaica Avenue
Brooklyn, New York 11207
Telephone (917) 560-5527
E-mail: shaunzakaria1@gmail.com

To: Jason Mizrahi, Esq.
Joshua Levin-Epstein & Associates, P.C.
60 East 42nd Street – 47th Floor
New York, New York 10165
Telephone (212) 792-0048
*Attorneys for Plaintiffs*



SHAUN ZAKARIA
105 JAMAICA AV.
Brooklyn N.Y 11207
SHAUNZAKARIA1@GMAIL.COM

United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn N.Y 11201

US POSTAGE PAID
$28.75
Origin: 11207
07/06/23
3508830316-13

PRIORITY MAIL EXPRESS 1-DAY®
0 Lb 2.80 Oz
RDC 07
C030

SCHEDULED DELIVERY DAY: 07/07/23 08:00 PM

SHAUN ZAKARIA
105 JAMAICA AVE
BROOKLYN NY 11207-2015

SHIP TO:
UNITED STATES DISTRICT COURT EASTE
225 CADMAN PLZ E
BROOKLYN NY 11201-1832

USPS TRACKING® #
9570 1145 4352 3187 0385 07