UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
LEROY JONES, *on behalf of himself and others similarly situated in the proposed FLSA Collective Action*,

                      Plaintiff,

      -against-                                        **ORDER**
                                                          22 CV 6010 (RER) (CLP)

MEGA HOME & LINEN, INC., and SHAUN ZAKARIA,

                      Defendants.
-----------------------------------------------------------X

**POLLAK**, United States Magistrate Judge:

      On October 7, 2022, plaintiff Leroy Jones, on behalf of himself and others similarly situated, commenced this action against defendants Mega Home & Linen, Inc. ("Mega"), and Shaun Zakaria ("Zakaria"), alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201, e*t seq.* ("FLSA"), and Articles 6 and 19 of the New York Labor Law ("NYLL"), based on defendants' practice of paying plaintiff a fixed, daily salary, regardless of the number of hours worked in a week. (Compl.[1]). As of the date of this Order, corporate defendant Mega has not retained counsel and thus risks default. See La Barbera v. Federal Metal & Glass Corp., 666 F. Supp. 2d 341, 348 (E.D.N.Y. 2009) (holding that a failure to obtain counsel constitutes a failure to defend because corporations cannot proceed in federal court *pro se*). Individual defendant Zakaria proceeds *pro se.*

---

[1] Citations to "Compl." refer to plaintiff's Complaint, dated September 29, 2022, and filed October 7, 2022 (ECF No. 1).

Currently pending before this Court is defendant Zakaria's *pro se* motion to compel plaintiff's responses to defendants' discovery requests. For the reasons set forth below, defendant Zakaria's motion to compel is granted.

BACKGROUND

Plaintiff Jones alleges that defendant Mega is a domestic corporation with employees engaged in interstate commerce or the production of goods and commodities in commerce, and it has annual gross sales of not less than $500,000. (Id. ¶¶ 10, 12). Defendant Zakaria is alleged to be an owner, officer, or agent of Mega, having operational control over the company, with the authority to hire and fire employees, and determine employees' wages, compensation, and schedules. (Id. ¶¶ 17, 19). According to plaintiff, Mega is a furniture store with two locations: 1) one at 346 Myrtle Avenue, Brooklyn, N.Y. 11205 (the "Myrtle Avenue store"); and 2) one at 105-02 Jamaica Avenue, Richmond Hill, N.Y. 11418 (the "Jamaica Avenue store"). (Id. ¶ 21).

Plaintiff alleges that he was employed by defendants as a delivery worker and assembly worker from March 2017 through August 2022. (Id. ¶ 33). During that time, he worked at the Myrtle Avenue store from March 2017 through June 2022, six days a week, 66 hours a week, for which he was paid a flat weekly salary that changed over time. (Id. ¶ 34). From July 2022 through August 2022, he worked at the Jamaica Avenue store, six days a week, 66 hours a week, for a flat weekly salary. (Id. ¶ 35; see id. ¶¶ 36-41). Plaintiff alleges that during the entire time of his employment by defendants, he never received time and a half for hours worked over 40 in a week, and he seeks relief for unpaid minimum wage, overtime, and spread-of-hours pay; untimely wages; and statutory violations of the New York Labor Law's Wage Theft Prevention Act.

DISCUSSION

By letter dated December 19, 2023, defendant Zakaria, proceeding *pro se*, asked the Court to order plaintiff to produce written discovery responses or, in the alternative, enter an order precluding plaintiff from offering evidence as to the matters requested that should have been disclosed. (Def.'s Ltr.[2] at 1). Defendant contends that the objections filed by plaintiff to defendant's requests are "ridiculous," and that despite defendant's efforts to resolve the dispute, plaintiff's counsel objected to all of defendant's document requests and interrogatories. (Id.)

A review of Plaintiff's Responses and Objections to Defendants' First Request for Production of Documents, filed January 3, 2024 as an exhibit to defendant's letter, supports defendant's motion. (Id. at 3-19 (Pl.'s Resp. to Doc. Requests[3])). As noted in defendant's letter, plaintiff issued blanket objections to virtually every one of defendant's document requests, with a number of objections that make no sense whatsoever. This is improper under Rule 34(b)(2)(B) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 34(b)(2)(B).

For example, in response to defendant's first request for documents between plaintiff and any of the defendants, former representatives, agents or employees of defendants, and any potential witnesses, plaintiff's response was as follows:

> **Response**: Plaintiff objects to this request to the extent that the information requested is a matter of public record or is already in the possession of *Plaintiff* (including without limitation any documents already produced in this matter), or that the burden of obtaining the information would otherwise be less or substantially the same for Plaintiff as for Plaintiff. Subject to, and notwithstanding the foregoing objection, Plaintiff is not in possession of any responsive information to this request.

---

[2] Citations to "Def.'s Ltr." refer to defendant Zakaria's letter motion to compel plaintiff to respond, dated December 19, 2023, and filed January 3, 2024 (ECF No. 41).

[3] Citations to "Pl.'s Resp. to Doc. Requests" refer to Plaintiff's Responses and Objections to Defendants' First Request for Production of Documents, filed January 3, 2024, as an exhibit to defendant's letter on pages 3-19 (ECF No. 41). Citations to page numbers refer to the page numbers of defendant's letter motion.

3

(Pl.'s Resp. to Doc. Requests at 6) (emphasis added).  Plaintiff posed this same objection to Request No. 2 (asking for documents concerning communications with present or former employees); No. 3 (asking for documents plaintiff or any other person removed from any of defendant's premises, computer or voicemail systems); No. 5 (asking for documents showing a calculation of damages); No. 8 (asking for any documents concerning any agreement relating to plaintiff's employment with defendants); No. 9 (asking for employee handbooks, memoranda, policies, photographs, diaries, timesheets etc. plaintiff prepared or obtained from defendant during the relevant period); No. 10 (asking for documents relating to duties plaintiff was asked to perform); No. 12[4] (asking for documents related to the hours of work, remuneration, bonuses, tips, expense reimbursements, job duties, benefits, job reviews, personnel file, and end of employment); Nos. 13 and 14 (asking for documents reflecting hours worked and pay received, including pay stubs or wage statements); No. 15 (asking for documents reflecting any leave taken); No. 16 (asking for documents recording meal periods taken); No. 21 (asking for witness statements and interview notes); No. 22 (asking for documents used to prepare plaintiff's responses to defendants' First Set of Interrogatories and Rule 26 Disclosures); Nos. 27 and 28 (asking for expert reports or information provided to an expert); No. 29 (asking for personnel policies of defendant), Nos. 30 – 34, 36, and 40 (relating to allegations in the Complaint, documents plaintiff intended to introduce at trial, and documents used to prepare the Complaint); No. 38 (asking for text messages with defendants and other employees); No. 39 (any photos or videos of the stores); Nos. 35, 41 – 45, and 47 – 48 (requesting documents related to plaintiff's employment at the defendants' stores); and No. 46 (asking for complaints made by plaintiff concerning his employment).  (Id. at 3-19).

---

[4] There does not appear to be any response from plaintiff to defendants' Request No. 11.

4

To the extent that plaintiff's blanket objection to every one of these requests was that the "information is a matter of public record," the Court is puzzled by this response. If in fact the information is a matter of "public record," counsel should indicate in what format or database defendant could search to find the responsive documentation. Similarly, to the extent that the information was "already in the possession of *Plaintiff*," that too is a puzzling response. If there was responsive information in *plaintiff's* possession, then it was required to be produced.[5] Finally, the objection "that the burden of obtaining the information would otherwise be less or substantially the same for Plaintiff as for Plaintiff" is nonsensical.

The other boilerplate objection which was posed by plaintiff in response to the majority of the remaining document requests was:

> **Response**: Plaintiff objects to this request on the basis that it is overly broad, seeks irrelevant, immaterial, or unnecessary information, is not reasonably calculated to lead to the discovery of relevant or admissible evidence, or is in any way beyond the scope of disclosure required by the FRCP.

(Pl.'s Resp. to Doc. Requests at 8). Apart from the fact that the last clause of the objection – "or is in any way beyond the scope of disclosure required by the FRCP" – is confusing, the objection was posed to a variety of requests, such as Request No. 18, asking for documents reflecting communications with the Department of Labor, which is a proper request that simply required a response that the plaintiff had no responsive documents (assuming that to be the case). Similarly, the response was improperly asserted as to, among others, Request Nos. 19 and 20. (See id. at 8, 11-13, 16).

---

[5] The Court speculates that these responses were taken from another case handled by counsel where plaintiff was requesting information from the defendant, as opposed to here where the information is being sought from plaintiff. What is particularly troubling is the fact that this error appears throughout the plaintiff's responses, raising questions as to how carefully plaintiff's counsel reviewed the requests and responses thereto.

5

Plaintiff's Responses and Objections to Defendants' First Set of Interrogatories continues this same pattern. (Pl.'s Resp. to Interrogs.[6]). Without specificity, plaintiff objects to every interrogatory with a rotation of boilerplate objections, such as that the interrogatory is "overly broad and unduly burdensome insofar as it seeks privileged and confidential information that has no relevance to Defendants' affirmative defenses or defenses," that the "information requested is more practically obtainable by deposition or other discovery devices," or refers defendant to plaintiff's Rule 26(a) initial disclosures or the Complaint. (Id.)

These boilerplate objections also do not always correspond logically to their interrogatory. For example, in response to Interrogatory No. 3, which requests the "name and address of every person known or believed by [plaintiff] to have any knowledge" related to the instant litigation, and the "subject matter about which each such person has knowledge," plaintiff objects to the extent the information "is more practically obtainable by deposition or other discovery devices." (Id. at 23). However, a request for a list of names, addresses, and topics is more clearly appropriate as an interrogatory than as a deposition or document request. Further, plaintiff does not substantively respond, even in part, to a single interrogatory. (See id. at 20-26).

In responding to defendant Zakaria's letter motion dated December 19, 2023, plaintiff's counsel failed to address any of the issues identified herein with respect to the impropriety of the objections. Instead, counsel focuses on the *pro se* defendant's failure to comply with Local Civil Rule 37.2, which requires "counsel for the moving party" to request a conference with the court

---

[6] Citations to "Pl.'s Resp. to Interrogs." refer to Plaintiff's Responses and Objections to Defendants' First Set of Interrogatories, filed January 3, 2024, as an exhibit to defendant's letter on pages 20-26 (ECF No. 41). Citations to page numbers refer to the page numbers of defendant's letter motion.

by letter before filing a discovery-related motion. (Pl.'s Ltr.[7] at 1, n.2). Apart from not requiring compliance with this Rule from a party who is proceeding without counsel, the Court notes that in fact, defendant Zakaria did not submit a fully briefed motion, but rather submitted a one-page letter requesting the Court's assistance in resolving this issue. (See Def.'s Ltr.). Accordingly, the Court finds that he did not fail to comply with the Court's rules.

More importantly, plaintiff's counsel's letter indicates that plaintiff had responded to the defendant's First Requests and produced initial disclosures. (Pl.'s Ltr. at 2). Counsel additionally asserts that "Plaintiff affirmatively represented that he was not in possession of responsive information, where indicated." (Id.) This is not a satisfactory response to defendant's letter, as it does not address defendant's specific concerns about plaintiff's refusal to produce any documents or answer any interrogatories pursuant to defendant's requests for such discovery. (Def.'s Ltr. at 1).

While there may have been proper objections raised as to certain requests posed by defendant, plaintiff's boilerplate and, at times incomprehensible, objections were not appropriate, especially when dealing with an unrepresented defendant. See Carl v. Edwards, No. 16 CV 3863, 2017 WL 4271443, at *8 (E.D.N.Y. Sept. 25, 2017) (holding that "'[B]oilerplate objections that include unsubstantiated claims of undue burden, overbreadth and lack of relevancy,' while producing 'no documents and answer[ing] no interrogatories . . . are a paradigm of discovery abuse'" (quoting Jacoby v. Hartford Life & Accident Ins. Co., 254 F.R.D. 477, 478 (S.D.N.Y. 2009))).

Having reviewed the plaintiff's responses to defendant Zakaria's requests, the Court finds that plaintiff has waived all objections and Orders plaintiff to respond to the requests with an

---

[7] Citations to "Pl.'s Ltr." refer to plaintiff's response in opposition to defendant's letter motion to compel, dated and filed January 12, 2024 (ECF No. 43).

7

affidavit attesting to what documents have been produced and what responses were given to the interrogatories, and where and to the extent plaintiff has no responsive records or information, he must attest to that in an affidavit as well.

CONCLUSION

For the reasons set forth above, defendant Zakaria's motion to compel is granted and plaintiff is Ordered to respond to defendant's first requests for documents and interrogatories by October 11, 2024.

**SO ORDERED.**

Dated: Brooklyn, New York
September 27, 2024

Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York